UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIA CROWLEY, INDIVIDUALLY AND                    CIVIL ACTION
ON BEHALF OF AS NATURAL
TUTRIX FOR WENDELL CROWLEY,
III

VERSUS                                           NO: 12-775

AMICA MUTUAL INSURANCE                           SECTION: R
COMPANY, ET AL.

### ORDER AND REASONS

Before the Court is plaintiff's motion to remand. Because the notice of removal filed by Amica Mutual Insurance Company did not demonstrate that all of the defendants joined in removal, the Court GRANTS plaintiff's motion.

### I. Background

This matter arises out of a car accident that occurred on December 17, 2010 between plaintiff, Tia Crowley, and defendants Anne Bailey Berman and Samuel Berman. Alleging severe injury to her and her son, plaintiff filed suit on November 23, 2011 against the Bermans, Amica Mutual Insurance Company, and State Farm Mutual Automobile Insurance Company in Civil District Court for the Parish of Orleans.[1] Plaintiff is domiciled in Louisiana, the Bermans in Massachusetts, Amica in Rhode Island, and State Farm in Illinois.[2] Plaintiff seeks damages for past and future

---

[1] R. Doc. 1-3.

[2] R. Doc. 1 at 4-5.

loss of earnings, past and future medical expenses, pain and suffering, and disability.

Defendants conducted discovery to determine the extent of plaintiff's injuries, and on February 24, 2012, plaintiff produced medical records detailing her medical costs of nearly $25,000.[3] Defendants assert that, with plaintiff's additional claims for damages, the amount in controversy exceeds $75,000. Counsel for Amica and the Bermans spoke with State Farm's counsel by telephone on March 20, 2012 and received State Farm's verbal consent to remove the case to federal court.[4] Amica sent a letter to State Farm the next day that described the parties' understanding.[5]

On March 23, 2012, Amica removed the case to federal court.[6] Amica's notice of removal did not include a written statement from State Farm, but contained a clause declaring that "[t]hrough its attorney of record, **State Farm has consented to this removal**"[7] (original emphasis). Plaintiff filed the present motion to remand the case to state court on the grounds that 1) all of the defendants did not join in the removal and 2) State Farm

---

[3] R. Doc. 1 at 4.

[4] R. Doc. 15-1; 15-2.

[5] R. Doc. 15-1 at 3.

[6] R. Doc. 1.

[7] *Id.* at 5.

waived its right to remove or join in removal by proceeding with its defense in state court.

## II. STANDARD

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). A district court has original jurisdiction in a case in which the amount in controversy exceeds $75,000, and the parties are citizens of different states. 28 U.S.C. § 1332. Under 28 U.S.C. § 1446(b)(3), the removal of a case is timely if filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In cases with multiple defendants, the Fifth Circuit Court of Appeals traditionally followed the first-served defendant rule, under which all of the defendants needed to join in the removal within thirty [30] days of the date that the first defendant was served. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). But, pursuant to a 2011 statutory amendment adopting the last-served rule, § 1446(b) now states that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. §

1446(b)(2)(B).[8]

In revising § 1446(b), Congress also codified the "rule of unanimity". *See, e.g., Penson Fin. Serv., Inc. v. Golden Summit Investors Group, Ltd.*, No. 3:12-CV-300-B, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012) (citing H.R. Rep. No. 112-10, 2011 WL 484052, at *13 (2011)). Under § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. To demonstrate defendants' unanimous consent to removal, the Fifth Circuit requires that each served defendant provide "some timely filed written indication" of consent. *Getty Oil Corp.*, 841 F.2d at 1262 n.11.

**III. DISCUSSION**

Defendants contend that their removal on March 23, 2012 was timely under § 1446, since defendants did not learn of the extent of plaintiff's medical expenses until February 24, 2012 and thus could not establish the amount in controversy earlier. *See* 28 U.S.C. § 1446(b)(3). Plaintiff does not challenge the timeliness of defendants' removal; rather, plaintiff asserts that Amica failed to include proof of State Farm's written consent in the notice of removal. In response to plaintiff's motion to remand, defendants produced affidavits from Amica's and State Farm's

---

[8] The Federal Courts Jurisdiction and Venue Clarification Act took effect on January 6, 2012. Act of Dec. 7, 2011, Pub. L. No. 112-63; 125 Stat. 758.

counsel that described their understanding of State Farm's consent to removal. But, these affidavits were not filed until May 29, 2012,[9] well beyond the 30-day limit for a timely filing for removal. Defendants argue that Amica's notice of removal, which stated that "t]hrough its attorney of record, State Farm has consented to this removal,"[10] satisfies the requirement that all of the removing defendants must provide written notice of consent.

In *Getty Oil*, the Fifth Circuit defined written consent as follows:

> It does not mean that each defendant must sign the original petition for removal, but that there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action.

841 F.2d at 1262 n.11.[11] In the case, the Court held that

---

[9] R. Doc. 15.

[10] *Id.* at 5.

[11] Although § 1446(b), as revised by the 2011 amendment, does not state that all of the defendants must consent to removal in writing, the Court finds no indication that the Fifth Circuit's requirement of written consent is inconsistent with or displaced by the statutory change. Indeed, Congress's codification of the unanimity rule signals the importance of ensuring that all of the defendants have consented to removal. *See, e.g., Grisby v. Kansas City Southern Ry. Co.*, No. 12-cv-0776, 2012 WL 3526903 (W.D. La. Aug. 13, 2012) (2011 amendments to removal statutes do not affect requirement in *Getty Oil* of written consent by all defendants).

5

defendant's notice of removal, which stated that the co-defendant "do[es] not oppose and consent[s] to this Petition for Removal", was insufficient, because the removing party did not demonstrate that it had formal authority to speak on behalf of the other defendant. *Id.* The Court stated that "exceptional circumstances" might warrant a departure from this rigid rule, *id.* at 1263 n.12; but, the Court later indicated that such an exception generally would be granted only when defendant's lack of consent to removal stemmed from plaintiff's conduct. *See Ortiz v. Young*, 431 Fed. Appx. 306, 307 (5th Cir. 2011).

For example, in *Gillis v. Louisiana,* the nonremoving defendant failed to timely file written consent into the record because consent could be authorized only at a board meeting. 294 F.3d 755, 759 (5th Cir. 2002). A board meeting could not be scheduled within the 30-day removal period because the Board's chairman, who was also a plaintiff in the matter, had interposed scheduling conflicts. *Id*. In permitting defendants to remove, the Court nevertheless reaffirmed the standard for filing written consent into the record set forth in *Getty Oil*. *Id.*

Here, defendants do not allege that plaintiff caused State Farm's untimely consent or that other exceptional circumstances were present. Instead, defendants rely on two district court cases that interpreted loosely the *Getty Oil* requirement of written consent and held that statements similar to Amica's

6

constitute written consent by nonmoving defendants. *See Sercovich v. State Farm Mut. Auto. Ins. Co.*, No. 99-2476, 1999 WL 970346, at *1 (E.D. La. Oct. 21, 1999) (recognizing as written consent statement in notice of removal that defendant had "spoken with [the other defendant's counsel] and [the company] joins in this removal"); *White v. Chevron U.S.A., Inc.*, No. 90-0113, 1990 WL 28167, at *3 (E.D. La. March 14, 1990) (holding that all defendants timely consented based on statement in notice of removal that "all defendants named in plaintiff's Petition have consented to this removal" and defendants' provision of supplemental documentation regarding removal that the Court had requested).

Notwithstanding these interpretations of *Getty Oil*, courts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient.[12] In one case, the court held that the statement in the notice of removal that "all other named defendants ... consent" did not constitute written consent from all defendants. *Goldman v. Nationwide Mut. Ins. Co.,* No. 11-1414,

---

[12] Defendants cite cases from other circuit courts of appeals that approach more leniently the issue of notice of consent by nonmoving defendants. Because the Court is bound by the Fifth Circuit's holding that written consent by all of the defendants is required, these cases do not bear on the issue at hand.

2011 WL 3268853, at *3 (E.D. La. July 28, 2011). Although Amica asserted more specifically that State Farm gave consent through its attorney of record, Amica's notice of removal similarly relied on a statement on behalf of a nonmoving defendant. *See also Jacob v. Greyhound Lines, Inc.*, No. 02-2199, 2002 WL 31375612, at *7 (E.D. La. Oct. 21, 2002) (statement that "State Farm does not object to this matter being removed to federal court" in the petition for removal did not establish unanimity). The remand order issued in *Martinez v. Entergy Corporation et al.* further evidences courts' strict interpretation of *Getty Oil*. No. 04-1027, 2004 WL 2661815, at *1-3 (E.D. La. Nov. 19, 2004). The notice of removal filed in that case stated that the nonmoving defendants joined in removal in writing, and the accompanying consent to remove document bore signature lines for the other defendants. *Id.* But, because each line was signed by the attorney for the moving defendant on behalf of the other defendants, the court deemed removal to be deficient. *Id; see also Spoon v. The Fannin Cnty. Cmty. Supervision and Corr. Dept.,* 794 F. Supp. 2d 703 (E.D. Tex. 2011) (collecting cases).

Further, courts applying *Getty Oil* have remanded cases for lack of written consent when the nonmoving defendants submitted affidavits attesting to their consent after the 30-day period for removal had ended. *See, e.g., Martinez*, 2004 WL 2661815, at *3. In *Cornella v. State Farm Fire and Casualty Company*, the court

held that the removing defendant's statement that its co-defendant consented to removal did not establish written consent. Although the nonmoving defendant had filed a notice confirming joinder in removal a mere three days after the 30-day period to remove elapsed, the court held that because the written notice was submitted late, it did not establish defendants' timely consent. No. 10-1169, 2010 WL 2605725, at *1-2 (E.D. La. June 22, 2010).

Following this extensive precedent, the Court finds that Amica's statement that "[t]hrough its attorney of record, State Farm has consented to this removal"[13] does not fulfill the requirement of written consent by all of the defendants. In *Getty Oil*, the Fifth Circuit clearly indicated that oral representations committed to writing by co-defendants would not suffice; without written evidence of the nonmoving defendant's actual consent, "there would be nothing on the record to 'bind' the allegedly consenting defendant." 841 F.2d at 1262 n.11. Nothing submitted in the record before the removal deadline demonstrates that Amica had the authority to speak on State Farm's behalf. Moreover, that State Farm documented its consent through the affidavits that accompanied defendants' opposition to the remand motion does not cure this defect. The affidavits were not submitted until May 29, 2012, and the 30-day time period for

---

[13] R. Doc. 15 at 5.

filing began at the end of February. Because written notice of all of the defendants' consent to removal was untimely, the Court finds removal of the action to have been procedurally deficient, and thus remand is proper.[14]

IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this 7th day of September, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14] Because the Court grants plaintiff's motion to remand based on defendants' lack of written consent to removal, it need not reach the issue of whether State Farm waived its right to join in removal by proceeding with its defense in state court.